DECISION AND JUDGMENT ENTRY
This matter is before the court following appellant's jury trial and conviction in the Lucas County Court of Common Pleas for two counts of breaking and entering, in violation of R.C. 2913.11, and two counts of grand theft, in violation of R.C. 2913.02(A)(1).
The following facts are relevant to this appeal. On December 17, 1996, Toledo police responded to a silent alarm at the Sophia Lustig Shop, a women's clothing store, in Toledo, Lucas County, Ohio. Upon arrival the police noticed that the front glass had been broken and clothing from the store was lying below the broken glass. The perimeter of the store was secured and when the owner arrived, she allowed the officers into the store.
A surveillance videotape had recorded the break-in. During trial Toledo Police Detective David Swantek, one of the officers who responded to the alarm, testified that the videotape depicted a black male, twenty to thirty years old with a close-shaved hairstyle. The man was wearing a nylon jogging suit.
On January 5, 1997, another break-in occurred at the Sophia Lustig Shop. On this occasion Toledo Police Officer Arrow Jackson Osbourne was stopped by a civilian who reported that a male was breaking into the store. When Osbourne arrived he observed that the front glass had been broken out and there was clothing laying on the sidewalk. Osbourne noticed blood on the window ledge.
Osbourne testified at trial that he viewed that surveillance videotape which depicted the suspect leaving the building and an older model Oldsmobile, possibly a Delta 88, pulling up and the suspect getting in and the vehicle driving away. The videotape was in black and white and Osbourne stated that the vehicle was possibly grey. The December 17, 1996 and January 5, 1997 videotapes were played for the jury.
Toledo Police Detective Daniel Navarre testified that on January 7, 1997, he received information that the suspects were attempting to sell the clothing. The individual gave a vehicle description and a license plate number which identified appellant as the owner. Navarre was directed to appliance outlet, Seagate Fixtures, where he observed the vehicle in question. Navarre observed a female, later identified as Julie Ostrowski, enter the vehicle and begin driving away. When the vehicle passed Navarre, he observed the suspect in the passenger side of the vehicle. The vehicle was stopped and Ostrowski and the suspect were arrested.
Detective Navarre went to Seagate Fixtures and recovered a black garbage bag filled with clothes bearing Sophia Lustig sales tags. Upon interviewing Ostrowski, Navarre recovered additional clothing from the place where she was staying. All the items were identified by the store owner.
On January 17, 1997, appellant was indicted on two counts of breaking and entering, R.C. 2913.11, two counts of grand theft, R.C. 2913.02(A)(1), and one count of receiving stolen property, R.C. 2913.51.[1] A jury trial commenced on June 16, 1997, and appellant was found guilty as to all counts on June 18, 1997. Appellant then filed a timely notice of appeal.
Appellant raises the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED WHEN, WITHOUT REQUIRING ANY EVIDENTIARY FOUNDATION AND OVER
 OBJECTION, IT PERMITTED WITNESS JULIE OSTROWSKI TO TESTIFY THAT MR. THOMAS COMMITTED THE CRIME AT ISSUE. (TRIAL TESTIMONY TRANSCRIPT AT 113.)
"SECOND ASSIGNMENT OF ERROR
 "MR. THOMAS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY FAILED TO OBJECT, MOVE TO STRIKE, SEEK A CURATIVE
 INSTRUCTION FROM, OR ASK FOR A MISTRIAL TO TESTIMONY FROM A POLICE DETECTIVE THAT MR. THOMAS WANTED TO SPEAK WITH AN ATTORNEY RATHER THAN TO SUBMIT TO AN INTERVIEW BY THE DETECTIVE. (TRIAL TESTIMONY TRANSCRIPT AT 165.)
"THIRD ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN PERMITTING, OVER OBJECTION, POLICE DETECTIVE DANIEL NAVARRE TO OFFER PREJUDICIAL HEARSAY TESTIMONY. (TRIAL TESTIMONY TRANSCRIPT AT 168-169.)
"FOURTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING THE SPECIFIC FINDINGS REQUIRED BY R.C. 2929.14(E)(4).
"FIFTH ASSIGNMENT OF ERROR
 "INSOFAR AS ANY ERROR COMPLAINED OF WAS NOT ADEQUATELY PRESERVED BELOW, MR. COVINGTON [SIC.] WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
"SIXTH ASSIGNMENT OF ERROR
 "THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF IN THE FIRST, SECOND, THIRD AND FIFTH ASSIGNMENTS OF ERROR REQUIRES THAT THE CONVICTION BE REVERSED AND THE CASE REMANDED."
In his first assignment of error, appellant argues that state's witness, Julie Ostrowski, was improperly permitted to testify, over objection, that appellant "committed the crime." The relevant testimony provides:
"Q: Do you know where Mr. Thomas got those items?
"* * *.
 "A: At a boutique on Tenth Street, I believe, and Jefferson.
 "MS. LIGIBEL: Objection; no foundation for this witness's knowledge.
"THE COURT: Sustained.
"BY MR. CLARK:
"Q: When did Mr. Thomas give you those items?
 "A: There were two different occasions, one time in January, and possibly the first time was at the end of December. I'm not quite sure.
"* * *.
 "Q: Did you ever ask Mr. Thomas where he got these items from?
 "A: I never really wanted to know. He showed me the location of the place after he had committed the crime.
"MS. LIGIBEL: Objection.
"THE COURT: Overruled.
"BY MR. CLARK:
"Q: And what place would that have been.
 "A: A small store off of Jefferson and Tenth Street, I believe."
Appellant's argument, that the testimony that he "committed the crime" constitutes prejudicial error, is twofold. First, that the requirement of personal knowledge, pursuant to Evid.R. 602, was not met. And, second, that the testimony was an improper legal conclusion.
Evid.R. 602 requires that sufficient evidence be introduced to support a finding that a witness has personal knowledge of a matter prior to allowing such testimony. Evidence to prove such personal knowledge "may, but need not, consist of the testimony of the witness himself."
In the instant case, Ostrowski's testimony does confer that she had some personal knowledge of the alleged crime, i.e.
the location of the clothing shop. However, even assuming that the requirements under Evid.R. 602 had been met, we find that Ostrowski improperly testified to a legal conclusion when she stated that appellant "committed the crime."
While the testimony was error, our inquiry does not end there; for only if the error constituted prejudicial error can it be grounds for reversal. The Supreme Court of Ohio has determined:
 "To be deemed nonprejudicial, error of constitutional dimension must be harmless beyond a reasonable doubt
"* * *
 "Where constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes over whelming proof of defendant's guilt." State v. Williams (1983), 6 Ohio St.3d 281, paragraphs three and six of the syllabus.
Upon review of the entire record in this case, we find that there was overwhelming evidence of appellant's guilt beyond a reasonable doubt. Such evidence includes the admissible portions of Ostrowski's testimony, the surveillance videotapes played to the jury which were accompanied by still photographs, and the testimony of Detective Navarre. Accordingly, we find that the court's admission of Ostrowski's legal conclusion amounted to harmless error. Appellant's first assignment of error is not well-taken.
Appellant's second and fifth assignments of error allege that appellant was denied effective assistance of counsel, and will be addressed together.
Legal representation is constitutionally ineffective, and a basis for reversal or vacation of a conviction, when counsel's performance is deficient and results in prejudice to the accused. Strickland v. Washington (1984), 466 U.S. 668. In order to prove ineffective assistance of counsel, a defendant must show (1) that his counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects and (2) that he was so prejudiced by the defect or defects that there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, following Strickland.
In Ohio, a properly licensed attorney is presumed competent, and the burden is on the appellant to show counsel's ineffectiveness. State v. Hamblin (1988), 37 Ohio St.3d 153,155-156. Debatable trial tactics generally do not constitute ineffectiveness. State v. Phillips (1995), 74 Ohio St.3d 72, 85, citing State v. Clayton (1980), 62 Ohio St.2d 45, 49.
In his second assignment of error, appellant contends that his trial counsel was ineffective when she failed to object to Detective Navarre's reference to appellant's invocation of his rights under Miranda v. Arizona (1966), 384 U.S. 436. During Navarre's testimony, the state asked him whether he had spoken to appellant after his arrest. Navarre answered: "Mr. Thomas at this time wanted an attorney, so I did not talk to him."
The state's question and Detective Navarre's response purportedly run afoul of the rule enunciated in Doyle v. Ohio
(1976), 426 U.S. 610, 618, in that a defendant's post-arrest silence cannot be used to create an improper inference of guilt. See Wainwright v. Greenfield (1986), 474 U.S. 284, 295. As stated in United States v. Newman (C.A.9, 1991), 943 F.2d 1155, 1158, the test under Doyle is to determine whether the prosecutor's comment was extensive, "whether an inference of guilt from silence is stressed to the jury * * *" as a basis of conviction. Further, the court is to review a Doyle violation by a harmless error standard.State v. Lanier (Aug. 2, 1996), Ottawa App. No. OT-95-051, unreported, citing State v. Bowling (June 24, 1994), Huron App. No. H-93-40, unreported.
In the instant case, appellant alleges that the state and Detective Navarre violated his due process rights when his post-arrest silence was mentioned. Upon review of the relevant portion of the trial transcript, we find that the isolated question and answer were not so extensive as to infer guilt to the jury and violate appellant's due process rights as prohibited inDoyle, supra.
Further, even assuming that the question and response at issue was error, we find that such error was harmless beyond a reasonable doubt. As discussed relative to appellant's first assignment of error, supra, there was overwhelming evidence presented to establish appellant's guilt.
Accordingly, since we find the reference to appellant's post-arrest silence was not violative of his due process rights, we further find that trial counsel's failure to object to such error did not prejudice appellant and, therefore, trial counsel was not ineffective. Appellant's second assignment of error is not well-taken.
In appellant's fifth assignment of error, he argues that insofar as any error complained of was not adequately preserved in the trial court, appellant was denied effective assistance of counsel.
"The failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel." State v.Holloway (1988), 38 Ohio St.3d 239, 244. As we discussed above, the Strickland standard requires a criminal defendant to show that his attorney's conduct was unreasonable and that the defendant was prejudiced by the deficient performance. State v. Bradley, 42 Ohio St. 3d at paragraphs two and three of the syllabus.
Even assuming that trial counsel was ineffective for failing to object to the admission of certain isolated witness testimony, upon careful review of the record we cannot say that appellant has established the second prong of the ineffective assistance of counsel claim. First, we find no evidence of reversible error as claimed by appellant. Second, given the evidence presented in this case, we conclude that the result of the trial would not have been different given all the appropriate objections had been made.
Accordingly, appellant's fifth assignment of error is not well-taken.
Appellant next contends, in his third assignment of error, that the trial court erred in admitting prejudicial hearsay testimony over objection. Detective Navarre testified regarding his interview with Julie Ostrowski. During direct examination, the state asked:
 "Q: Okay. After you gave Julie her rights pursuant to Miranda, did she make a statement to you?
"A: Yes.
"Q: And what did she tell you?
"MS. LIGIBEL: Objection.
"THE COURT: Overruled.
Detective Navarre proceeded to testify that Ostrowski stated she knew the items were stolen, but that she had not wanted to find out where they were stolen from.
Appellant argues that such testimony is highly prejudicial and offered to show that appellant stole the clothing. Conversely, the state contends that Navarre's testimony is not hearsay for three reasons: (1) the question demonstrates Ostrowski's knowledge that the clothes were stolen, rather than that appellant stole the clothes; (2) the testimony has independent legal significance,i.e. the crime of theft was committed; and (3) the statements by Ostrowski are admissions of a party opponent under Evid.R. 801(D)(2). Alternatively, the state posits that even if the statements were hearsay, they fall under the hearsay exception, statements against penal interest, Evid.R. 804(B)(3).
At trial, Ostrowski testified that when she first spoke to Detective Navarre she denied knowing that the clothing was stolen. She later told police that appellant told her where he got the clothing. Ostrowski further testified that she received a plea bargain in exchange for her testimony.
We find the admission of Detective Navarre's testimony was harmless error. Detective Navarre's testimony was merely cumulative and did not contribute to appellant's conviction. Accordingly, appellant's third assignment of error is not well-taken.
In his fourth assignment of error, appellant contends that the trial court erroneously failed, at sentencing, to make the specific findings required under R.C. 2929.14(E)(4).
R.C. 2929.14(E)(4) provides:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
In its July 14, 1997 judgment entry, the trial court ordered,inter alia,
 "The sentences are ordered to be served consecutively to one another for a total incarceration period of 5 years.
 "Being necessary to fulfill the purposes of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses and the Court FURTHER FINDS:
 "1) defendant's criminal history requires consecutive sentences."
While the trial court did not specifically enumerate R.C.2929.14(E)(4)(c) when it imposed consecutive sentences, it clearly made such a finding when it referenced appellant's criminal history. Thus, we find that the trial court did make the necessary factual findings to support the imposition of consecutive sentences. Accordingly, appellant's fourth assignment of error is not well-taken.
In appellant's sixth and final assignment of error, he argues that the cumulative effect of the alleged error in the first, second, third, and fifth assignments of error require that the case be reversed and remanded.
Addressing the issue of cumulative error, the Supreme Court of Ohio has held that a conviction may be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each single instance of error does not individually constitute cause for reversal. State v. Garner (1995), 74 Ohio St.3d 49, 64, citingState v. DeMarco (1987), 31 Ohio St.3d 191, paragraph two of the syllabus. In order to show that the effect of the errors was cumulative and prejudicial so as to deny him a fair trial, appellant must show that there is a reasonable probability that without these errors, the outcome of the trial would have been different. State v. Moreland (1990), 50 Ohio St.3d 58, 69.
In the instant case, this court found harmless error as to appellant's first and third assignments of error. Upon careful review of the entire record, we are not persuaded that the errors made were so egregious as to deny appellant a fair trial, given the evidence presented against him. Accordingly, appellant's sixth assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ JUDGE Melvin L. Resnick, J.
 _______________________________ JUDGE CONCUR. James R. Sherck, J.
 _______________________________ JUDGE Mark L. Pietrykowski, J.
[1] The receiving stolen property count was dismissed prior to jury deliberations.