OPINION
This matter presents a timely appeal from a decision rendered by the Columbiana County Common Pleas Court, denying the petition for post-conviction relief filed by pro se defendant-appellant, John William Burke.
On the evening of October 3, 1996, police officers from the Columbiana County Sheriff's Department arrived at appellant's residence requesting entry. Appellant's live-in fiancee, Lisa Sperling (Sperling), answered the door and directed the officers to the place where appellant was sleeping. The officers awakened appellant, handcuffed him and took him outside. Meanwhile, other police officers requested approval from Sperling to search the residence. The officers allegedly informed Sperling that she could either agree to the search, or an officer would be required to remain in her home until the police department received a warrant from a judge. The officers also allegedly told Sperling that the judge would not be happy to be awakened at such an early hour. Sperling acquiesced to the request by signing two forms which the officers indicated signified her consent to the search. During the search, the police officers uncovered a Smith and Wesson .38 caliber revolver, as well as five empty shell casings. Outside of the home, the police officers asked appellant if they could search his car. Appellant signed the proper forms to allow the search. Within the car, the officers found a brown gun holster.
After searching appellant's residence and car, the police officers took appellant to the Columbiana County Sheriff's Department where he was arrested for a drive-by shooting that had occurred earlier that evening at the Y-Inn bar. Appellant was charged with felonious assault, in violation of R.C. 2903.11 (A), along with an attendant firearm specification and an attendant drive-by specification.
While incarcerated, police officers interrogated appellant twice. Before beginning the first interrogation, the officers read appellant his Miranda rights. The first interrogation ended when appellant asserted his Miranda rights by stating that he no longer wanted to answer questions. Appellant thereafter provided a second statement with full awareness that his Miranda rights were still in effect. In the second statement appellant admitted to the shooting.
On July 25, 1997, appellant withdrew his previous plea of not guilty and pled guilty to felonious assault, along with the firearm specification. This plea agreement came upon the advice of counsel and was in exchange for the agreement of plaintiff-appellee, State of Ohio, to drop the attendant drive-by specification. The trial court found appellant guilty and sentenced him to a definite two-year incarceration term for felonious assault and an actual three-year incarceration term for the firearm specification. These sentences were to be served consecutively, for an aggregate five-year incarceration term.
On May 8, 1998, appellant filed a petition for post-conviction relief. In his petition, appellant claimed that he received ineffective assistance of counsel. After a hearing, the trial court denied appellant's petition. This appeal followed.
Appellant sets forth three assignments of error on appeal.
Since appellant's first, second and third assignments of have a common basis in law and fact, they will be discussed together and allege respectively as follows:
"INEFFECTIVE ASSISTANCE OF COUNSEL.
"VOLUNTARINESS OF CONFESSION.
"ILLEGAL SEARCH AND SEIZURE."
A post-conviction hearing is a civil proceeding governed by R.C. 2953.21. This court will only reverse a trial court's judgment in a post-conviction hearing on an abuse of discretion basis. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151.
Appellant alleges that the trial court abused its discretion when it denied his petition for post-conviction relief. In his petition, appellant alleged that his defense counsel was ineffective in many respects. The United States Supreme Court provided a standard for determining ineffective assistance of counsel in Strickland v. Washington (1984), 466 U.S. 668. In order to demonstrate ineffective assistance of counsel, an appellant must first show that his defense counsel was deficient.Strickland, supra. This requires that an appellant show that his defense counsel's performance fell below an objective standard of reasonableness. Strickland, supra. The second part of theStrickland test requires that appellant prove that he was prejudiced by defense counsel's deficiency. To demonstrate prejudice appellant must, "* * * show that there is a reasonable probability that, but for [defense] counsel's unprofessional errors, the result of the proceeding would have been different."Strickland, supra at 694. The Ohio Supreme Court adopted theStrickland test in State v. Bradley (1989), 42 Ohio St.3d 136, and held that there is a presumption of effective assistance of counsel. Furthermore, a reviewing court cannot use the benefit of hindsight in determining whether a defendant received effective assistance of counsel. Strickland, supra.
In his first instance of ineffective assistance of counsel, appellant alleges that his defense counsel incorrectly advised him that he might be eligible for shock probation. Appellant argues that defense counsel had a duty to investigate the possible penalties of the accused offenses. Appellant contends that defense counsel breached this duty when he failed to realize that R.C. 2947, which authorized shock probation, was repealed on July 1, 1996, three months before appellant was arrested.
Appellant's first contention of ineffective assistance of counsel is not supported by the record. The record indicates that in accepting appellant's guilty plea, the trial court asked whether appellant understood that his offense was non-probational, to which appellant responded affirmatively. (Tr. 7). Sperling also testified that appellant's defense counsel informed him that he was not eligible for shock probation. (Tr. 36). Furthermore, the trial judge, acting as the trier-of-fact, determined the weight and credibility of this testimony. State v. DeHass (1967), 10 Ohio St.2d 230. Considering the evidence presented, the trial court did not abuse its discretion in finding that appellant's defense counsel did not advise him that he could possibly receive shock probation.
Appellant next argues that defense counsel was ineffective in failing to undertake certain actions which would have insured that appellant's plea agreement was informed and intelligently made. First, appellant argues that he was not made aware of what crime he was charged with, in violation of R.C. 2935.07. However, Sperling testified that when she led the officers to appellant, the officers informed appellant that he was accused of shooting up a bar. (Tr. 25). Therefore, the trial court did not abuse its discretion in finding that appellant was made aware of the reason for his arrest.
Second, appellant argues that defense counsel should have filed a motion to suppress evidence obtained from the officers' search of his residence. Although Sperling signed a consent to search the premises, appellant argues that the officers obtained this consent through force and intimidation by an inappropriate use of authority. Appellant argues that the officers told Sperling that if she did not give her consent, then the officers would obtain a search warrant from a judge. Appellant alleges that the officers also stated that they would leave an officer at the residence while the search warrant was obtained, and that the judge would not be happy with being awakened at such an early hour. Appellant maintains that Sperling's consent was given in an effort to avoid any further complications, and thus was not consensually given. Therefore, appellant argues that defense counsel's failure to move to suppress the evidence seized pursuant to Sperling's consent, resulted in conduct which fell below an objective standard of reasonableness.
The search of appellant's residence and car were performed voluntarily. Both appellant and Sperling signed consent forms permitting the officers to conduct such searches. Appellant's consent allowed the officers to search his car, and Sperling's consent allowed the officers to search appellant's residence. Sperling had authority to consent to the search as she shared authority over the premises with appellant. State v. Sneed (1992), 63 Ohio St.3d 3. Although appellant contends that the search was secured by force, Sperling contradicted this assertion in her testimony, wherein she stated:
 "It was intimidating — I mean, to come in — I wasn't expecting that, you know. But, I mean, I didn't feel physically threatened or anything. I mean, they were actually quite polite. * * *." (Tr. 26).
Considering the evidence presented, the officers' search of appellant's car and premises was properly conducted. Therefore, the trial court did not abuse its discretion in finding that the conduct of appellant's defense counsel in this regard did not fall below an objective standard of reasonableness. Strickland,supra.
Third, appellant argues that defense counsel was ineffective in failing to seek suppression of his confession, which he maintains was obtained through deception. Appellant argues that Sperling informed the officers that she was going to contact an attorney for him. Therefore, appellant argues that the officers should not have questioned him before such attorney was contacted. However, this assertion fails because appellant was read his Miranda
rights, which included the right to consult an attorney. Appellant exercised his Miranda rights at the end of the first interview, thus demonstrating that he understood these rights. Therefore, the officers did not violate appellant's Miranda
rights in obtaining appellant's statements when he later offered same voluntarily.
Appellant also alleges that his second statement, wherein he confessed to the shooting, was obtained by deceit. Appellant argues that the interviewing officer told him that there were two police cruisers on route to arrest Sperling, and would do so unless appellant cooperated. Appellant argues that his defense counsel should have moved to suppress his confession based upon the officer's deceit, and defense counsel's failure to so move fell below an objective standard of reasonableness.
The voluntariness of a confession depends upon the totality of the circumstances, including age, mentality, prior criminal experience, length and frequency of the interrogation, existence of physical deprivation or mistreatment and the existence of threats or inducements. State v. Phillips (1995), 74 Ohio St.3d 72. In the case sub judice, appellant voluntarily confessed to the shooting on tape. The Ohio Supreme Court in a similar case, held that a confession was voluntary despite the contention that police officers had played upon the accused's deep feelings for his girlfriend. State v. Loza, (1994), 71 Ohio St.3d 61. Thus, appellant voluntarily confessed even though he may have used his confession as a bargaining chip to prevent Sperling's arrest. Furthermore, the trial judge, sitting as the trier-of-fact, properly weighed and determined appellant's credibility, and decided whether the officers actually threatened to arrest Sperling. DeHass, supra. Therefore, the trial court did not abuse its discretion in finding that the conduct of appellant's defense counsel did not fall below an objective standard of reasonableness in failing to seek suppression of appellant's confession. Strickland, supra.
Moreover, it is noted that appellant entered into a plea agreement with appellee upon the encouragement of defense counsel. This recommendation amounted to a trial tactic used by defense counsel. Trial tactics, even those which are debatable, are considered reasonable and do not subject attorneys to a claim for ineffective assistance of counsel. State v. Clayton (1980),62 Ohio St.2d 45. In the case at bar, appellant's agreement resulted in appellee dropping the attendant drive-by specification. Therefore, defense counsel's conduct in making such recommendation aided appellant and did not fall below an objective standard of reasonableness. Strickland, supra.
Given that the record does not support appellant's allegations of ineffective assistance of counsel, the trial court did not abuse its. discretion in denying appellant's petition for post-conviction relief.
Appellant's first, second and third assignments of error are found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., Vukovich, J., concurs.
APPROVED:
 _______________________________ COX, P.J.