THE STATE OF OHIO, APPELLANT, *v.* CLAYTON, APPELLEE.

[Cite as State v. Clayton (1980), 62 Ohio St. 2d 45.]

(No. 79-1166—Decided April 9, 1980.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Regis E. McGann,* for appellant.

*Mr. Albert L. Purola,* for appellee.

*Per Curiam.* In this cause, we must resolve the questions of whether the trial court committed plain error when it failed to instruct on lesser-included offenses (see Crim. R. 52) and whether the defendant received effective assistance of counsel at the trial level.

The facts surrounding this cause are essentially as follows. Appellee, Richard J. Clayton, became involved in a dispute with his wholesale tropical fish supplier, Carmen Zagaria. Appellee claimed that Zagaria had vandalized his fish store, whereas Zagaria claimed that appellee owed him money. When Zagaria went to the store on the morning of September 30, 1976, with a companion, an argument ensued. Appellee was punched by Zagaria several times and was knocked to the floor twice. Zagaria and his companion left the store and got into their car. Thereupon, appellee armed with a gun proceeded to fire numerous rounds at the car—once from his doorway and several times as he approached the vehicle. Both occupants of the car were injured and as Zagaria's companion attempted to escape he was shot in the back. A witness who was present at the time of the incident claims to have heard appellee say, before the shooting occurred, "I'll kill 'em," or "I'll shoot 'em or something you know."

The record shows that during its deliberations the jury asked the court whether a fit of anger would have any bearing on whether appellee was guilty. The court informed the foreman that the jury had all the law necessary to make its decision. As previously noted, appellee's trial counsel limited his jury instructions and did not raise a Crim. R. 30 objection. Counsel appears to have been engineering a strategy to obtain his client's acquittal by limiting the instruction. This strategy proved to be unsuccessful.

I.

In *State* v. *Long* (1978), 53 Ohio St. 2d 91, we set the background for the plain-error issue, and the discussion in *Long* concerning Crim. R. 30 and 52(B) is relevant to this cause. Any consideration of plain error must start with the ad-

monition that "[n]otice of plain error***is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Long, supra,* paragraph three of the syllabus.

It suffices to say that plain error is not easily or readily definable and that each case must be considered on its own facts. In the case *sub judice,* it is evident that trial counsel's strategy was to seek a total acquittal for his client. In *State* v. *Wolery* (1976), 46 Ohio St. 2d 316, we had occasion to discuss plain error as it related to trial strategy. In *Wolery,* the claimed error was in admitting evidence which was damaging to the defendant. As in the case *sub judice,* the testimony was admitted without objection. In *Wolery,* Justice Paul Brown, at page 327, stated:

"***this omission was the result of a deliberate, tactical decision of trial counsel.***Appellant and his counsel apparently believed that the admission of the evidence in question would so detract from the credibility of [the] witnesses***as to render their entire testimony incapable of belief. Appellant cannot claim the protection of Crim. R. 52(B) to negate the effect of this tactical decision."

This same reasoning applies to the instant cause.[2] The circumstances we are presented with are similar to those in *United States* v. *Meyers* (C.A. 9, 1971), 443 F. 2d 913, 914, where the Court of Appeals stated: "In light of the appellant's failure to request such an instruction, the omission must be considered a matter of trial strategy and not error. The jury was instructed to find the defendant not guilty if it determined that the calculator was worth less than $100. The defendant elected to seek acquittal rather than to invite conviction of the lesser offense."

Counsel's decision to limit the instruction to attempted

---

[2] Our decision is not affected by *State* v. *Muscatello* (1978), 55 Ohio St. 2d 201, paragraph four of the syllabus. One of appellee's major arguments was that there should have been an instruction on the lesser-included offense of attempted voluntary manslaughter. Even if the defendant did elicit some evidence of mitigating circumstances (fit of anger), he still had the right to intentionally waive a jury instruction on the lesser-included offense of attempted voluntary manslaughter. Having elicited some evidence in mitigation of attempted murder, the court had the duty to instruct on the lesser-included offense, but this in no way affected defendant's concomitant right, through his counsel, to waive the instruction.

murder and his client's subsequent conviction do not amount to a manifest miscarriage of justice and are not plain error.

## II.

In *State* v. *Hester* (1976), 45 Ohio St. 2d 71, this court stated in paragraph four of the syllabus: "The test in determining if the accused had effective retained counsel is whether the accused, under all the circumstances, including the fact that he had retained counsel, had a fair trial and substantial justice was done."

Looking at all the circumstances of this case, particularly the fact that defense counsel made a tactical choice not to include an instruction on attempted voluntary manslaughter, we cannot, in retrospect, state that counsel ineffectively assisted his client. Although a tactical error may have been made, we cannot state that substantial justice was not done.

Similar results were obtained in *United States* v. *Denno* (C.A. 2, 1963), 313 F. 2d 364, certiorari denied 372 U.S. 978; *People* v. *Gauze* (Ct. App. 1975), 118 Cal. Rptr. 220; and *People* v. *Miller* (1972), 7 Cal. 3d 562, 498 P. 2d 1089. In *Denno,* defense counsel advised his client to confess, and the court, at pages 373, 374, stated: "Hindsight, of course, tells us that the advice to confess ill served the defendant***," and that "[p]oor tactics of experienced counsel, however, even with disastrous result, may hardly be considered lack of due process***."

In *Gauze, supra,* the defendant was convicted of burglary and assault with a deadly weapon. There was a question as to his sanity. The court, at page 225, stated, "***[defendant] was not denied due process of law by his attorney's decision to base the defense on alibi rather than diminished capacity. The defense based on alibi in this case, as***[defendant's] own counsel recognized and stated on the record, would have an appearance of being inconsistent with a defense based on diminished capacity, and selecting one to the exclusion of the other is a sound trial tactic left to the discretion of counsel. Any error of judgment is neither a denial of due process nor denial of effective assistance of counsel***."

In *Miller, supra,* counsel's failure to interpose a defense of diminished responsibility while claiming self-defense did not

establish ineffectiveness of representation. The court, at pages 573-574, stated:

"Nothing is seen more clearly than with hindsight. The most that can be fairly said on this record, however, is that counsel's decision to delay introducing his evidence of defendant's mental state until the sanity phase was a debatable trial tactic. Yet as we reminded the bench and bar not long ago, even 'debatable trial tactics' do not 'constitute a deprivation of the effective assistance of counsel.' * * * When, as here, 'there is no showing that counsel did not research the facts or the law, or that he was ignorant of a crucial defense' * * * and counsel makes a tactical choice to withhold certain evidence for a later stage of trial, sound policy reasons persuade us to defer to counsel's judgment in the matter."

Although trial counsel's strategy was questionable, we must defer to his judgment. As we stated in *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 396:

"We deem it misleading to decide an issue of competency by using, as a measuring rod, only those criteria defined as the *best of available practices* in the defense field." (Emphasis *sic*.) As in *Lytle, supra,* we do not think appellee established that there was a substantial violation of any of defense counsel's essential duties to his client. Counsel chose a strategy that proved ineffective, but the fact that there was another and better strategy available does not amount to a breach of an essential duty to his client.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.