OPINION AND JUDGMENT ENTRY
This matter is before the court on appeal from the judgment and sentence of the Bowling Green Municipal Court, which found defendant-appellant, Nicholas Benitz-Castro, guilty of driving under the influence of alcohol/drug abuse in violation of R.C. 4511.19(A)(1). Appellant now raises the following assignment of error:
 "Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Constitution of the State of Ohio."
The facts of this case are as follows. On February 11, 1998, appellant was stopped by Trooper G.M. Samson of the Ohio State Highway Patrol, on Interstate 75 northbound, south of Bowling Green, Ohio, after he received a report of a possible intoxicated or sleepy driver. Based upon the trooper's observations of appellant's driving, the odor of alcohol on his breath, empty beer cans in the vehicle and his poor performance on the field sobriety tests, the trooper placed appellant under arrest for driving under the influence of alcohol.
Appellant was arraigned on February 23, 1998, and entered a plea of not guilty. The matter proceeded to trial on May 5, 1998.
At the trial below, during voir dire of prospective jurors, the court questioned potential juror, Ronald Townsend. Townsend indicated that prior to his twenty-two years as an emergency medical technician, he had been in law enforcement for ten years. He stated that he would listen to all the testimony but, due to his experience in law enforcement, it would be slanted. Upon further questioning by the state, Townsend explained:
 "Basically, what I'm saying is in my past experience, it seemed like every time you were at any kind of trial, it was the officer was the guilty party. The other person was presumed innocent. I understand that, but it just seemed like the officer got raked over the coals and not the person involved."
Out of the hearing of the prospective jurors, appellant's trial counsel expressed his concern that Townsend's statements may have tainted the jury pool; however, he made no objection or request for a mistrial. Appellant's trial counsel moved to strike Townsend as a juror for cause, and the motion was granted.
The jury returned a verdict of guilty on the charge of driving under the influence of alcohol/drug abuse. On June 8, 1998, appellant filed a timely notice of appeal.
In his sole assignment of error, appellant argues that his trial counsel was ineffective due to his failure to object or request a mistrial after the questioning of a potential juror.Strickland v. Washington (1984), 466 U.S. 668, sets forth a two-part test for evaluating ineffective assistance of counsel claims:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
In reviewing a claim of ineffective assistance of counsel, a strong presumption exists that the challenged action is a product of sound trial strategy. Id. at 694-695; State v.Thompson (1987), 33 Ohio St.3d 1, 10-11. Thus, counsel's trial tactics, even if debatable, generally do not in and of themselves constitute lack of effective assistance of counsel. State v.Clayton (1980), 62 Ohio St.2d 45, 49.
In the instant case, upon review of the transcript of the proceedings below, this court is not convinced that statements made by Townsend warranted that the trial court grant a mistrial. However, even assuming arguendo that trial counsel's failure to object or request a mistrial during voir dire was deficient, and not just trial strategy, appellant's contention that such failure was prejudicial error is misplaced. The second prong of the Strickland test expressly imposes the burden on appellant to demonstrate actual prejudice stemming from the alleged errors of trial counsel. Appellant has failed to provide this court with any evidence that absent the alleged errors of trial counsel, the result of the trial would have been different.
Accordingly, appellant's sole assignment of error is not well-taken,
On consideration whereof, the court finds that appellant was not prejudiced from having a fair trial, and the judgment of the Bowling Green Municipal Court is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.