OPINION
Appellant Timothy Harris appeals the decision of the Richland County Court of Common Pleas that found him guilty of resisting arrest. The following facts give rise to this appeal. On August 17, 1998, appellant contacted the Mansfield Police Department to report the unauthorized use of his motor vehicle. Patrolwoman Beth Nelson responded. Subsequent to this encounter, Patrolwoman Nelson discovered there was an outstanding warrant for appellant's arrest. Thereafter, she returned to appellant's address, on August 23, 1998, for the purpose of arresting appellant. While waiting for a backup officer to arrive, Patrolwoman Nelson approached appellant's front porch, where he was sitting, and asked appellant questions concerning his vehicle. Appellant left the front porch area, to talk to Patrolwoman Nelson, when the backup cruiser driven by Patrolman Haman arrived. As Patrolman Haman approached appellant's residence, Patrolwoman Nelson informed appellant there was a warrant for his arrest. At that point, appellant informed Patrolwoman Nelson that he needed to talk to his brother. Appellant began approaching his residence, made the comment that "he wasn't going out like this" and started running. Patrolwoman Nelson chased appellant and radioed other officers in the area. Patrolman Haman also pursued appellant and eventually returned to his cruiser. Patrolman Haman heard, on the radio in his cruiser, that a citizen had observed appellant at a residence located at 53 Hedges Street. Patrolman Haman drove to that address and observed appellant crouched behind a tree in the backyard. Patrolman Haman ran towards the tree and ordered appellant down on the ground. Appellant jumped up and began running and just as Patrolman Haman was about to grab appellant, appellant swung across the front of his body, with his fist, and hit Patrolman Haman in the right shoulder causing him to fall to the ground. As a result of this incident, on October 9, 1998, the Richland County Grand Jury indicted appellant for assault of a peace officer. Appellant's trial commenced on November 16, 1998. Following deliberations, the jury found appellant not guilty of assault of a peace officer but guilty of the lesser included offense of resisting arrest. The trial court sentenced appellant to one hundred eighty days in the Richland County Jail and imposed a $500 fine. Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration.
I. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL THROUGHOUT THE TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES AS WELL AS ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 I
In his sole assignment of error, appellant contends he received ineffective assistance of counsel. We agree and remand this matter to the trial court for a new trial on the charge of resisting arrest. The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668. Ohio adopted this standard in the case of State v. Bradley (1989), 42 Ohio St.3d 136. These cases require a two-prong analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell (1993), 506 U.S. 364. It is based on this standard that we review the three arguments appellant raises in support of his sole assignment of error. In his first argument, appellant contends he received ineffective assistance of counsel because defense counsel failed to request that the jury instructions differentiate between first and second degree misdemeanors of resisting arrest. R.C. 2921.33 sets forth the offense of resisting arrest and provides, in pertinent part: (A) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another. (B) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another person and, during the course of or as a result of the resistance or interference, cause physical harm to a law enforcement officer.
* * *
(D) Whoever violates this section is guilty of resisting arrest. A violation of division (A) of this section is a misdemeanor of the second degree. A violation of division (B) of this section is a misdemeanor of the first degree. * * * When the trial court initially instructed the jury, it gave the following instruction for a violation of R.C. 2921.33(A): Before you can find the defendant guilty of resisting arrest, you must find beyond a reasonable doubt that on or about the 23rd day of August, 1998, and in Richland County, the defendant recklessly, by force, resisted with a lawful arrest of himself or another. Tr. at 184.
Subsequently, during deliberations, the jury asked the trial court to re-define the offenses of assault and resisting arrest. Tr. At 192. The trial court provided these instructions. Tr. 192-194. Pursuant to a request from one of the attorneys, the trial court also instructed on R.C. 2921.33(B), which the trial court did not do in its original instructions to the jury. Therefore, the trial court did instruct the jury on first degree and second degree misdemeanors of resisting arrest and defense counsel was not ineffective for failing to request these instructions. However, a review of the jury verdict form indicates the jury found appellant guilty of resisting arrest without delineating the applicable section of R.C. 2921.33. The sentencing entry states that appellant is being sentenced for resisting arrest, a first degree misdemeanor. Thus, we conclude that defense counsel was ineffective for failing to request that the jury verdict form differentiate between a first and second degree misdemeanor of resisting arrest because the trial court instructed on both. Had the trial court only instructed on a violation of R.C. 2921.33(A), we would have merely remanded this matter for sentencing. However, after the trial court instructed on R.C. 2921.33(B), defense counsel should have requested that the jury verdict form delineate between a violation of section (A) and (B) of said statute. Based on this, we conclude appellant is entitled to a new trial on the charge of resisting arrest. Appellant next maintains defense counsel was ineffective for failing to allow the jury to find appellant not guilty of resisting arrest by informing the jury, during his opening and closing arguments, that appellant was guilty of resisting arrest. Tr. at 11, 12, 165. Further, during closing argument, defense counsel called appellant "a complete jackass" and an "idiot." Tr. at 162. Appellant argues that by defense counsel presenting his case in this manner, it prevented the jury from considering whether he was not guilty of the crime of resisting arrest. Appellant claims defense counsel prejudiced his case because weaknesses existed in Patrolwoman Nelson's testimony which defense counsel could have used to persuade the jury that he was not guilty of the offense of resisting arrest. Patrolwoman Nelson testified, on cross-examination, that she did not verbally inform appellant that he was under arrest or physically restrain him.
Q. So you, at that time, waiting for Patrolman Haman to come by, did not place him under arrest?
A. As I started to tell him he was under arrest, he started walking away.
Q. But those words never came out of your mouth?
A. No.
Q. You never told him he was under arrest?
A. No. Tr. at 28.
Based on this testimony, appellant argues it was possible for the jury to conclude there never was an actual arrest. Appellant's arguments concern the question of trial strategy. It is clear from the record defense counsel's strategy was to have the jury find appellant guilty of the misdemeanor offense of resisting arrest as opposed to the felony offense of assault of a peace officer. In State v. Clayton (1980), 62 Ohio St.2d 45, 49, the Ohio Supreme Court explained that the strategic decision of defense counsel will not form the basis of a claim for ineffective assistance of counsel, even if there may have been a better strategy available. Further, we have previously held that "[i]n a case in which there is conflict in the testimony and the defendant has a reasonable hope that the jury will believe his evidence and return a verdict of not guilty, it is a matter of trial strategy whether to seek to have the jury instructed concerning a lesser-included offense, or not to seek such an instruction and to hope for an acquittal." State v. Hamm (Mar. 17, 1998), Richland App. No. 97 CA 20, unreported, at 3, citing State v. Catlin (1990), 56 Ohio App.3d 75,78-79. The record indicates there existed a conflict in testimony concerning whether appellant actually hit Patrolman Haman. Therefore, it was reasonable and a matter of trial strategy for defense counsel to inform the jury that his client may be guilty of resisting arrest, but not assault of a peace officer, and seek an instruction on the lesser-included offense of resisting arrest. Finally, appellant maintains defense counsel was ineffective because he failed to admit the general offense report which showed weaknesses in the state's case. Specifically, appellant points to two discrepancies between the report and Patrolman Haman's testimony at trial. The report indicates Patrolman Haman spotted appellant in the front yard of 53 Hedges Street, however, Patrolman Haman testified at trial that he spotted appellant in the backyard. Tr. at 67-68. The report also indicates Patrolman Haman tackled appellant, but Patrolman Haman testified at trial that he never tackled appellant. Tr. at 68. Patrolman Haman further testified that he did not prepare the report and therefore, could not testify to its contents. Id. at 66. Appellant contends had this report been admitted into evidence, it could have affected the credibility of Patrolman Haman's testimony. We disagree with this conclusion. Defense counsel addressed the two discrepancies between the report and Patrolman Haman's testimony at trial. Defense counsel's decision not to introduce the report is a strategical decision within the bounds of competent representation. Based on the above, we find defense counsel's conduct fell below an objective standard of reasonable representation and violative of his essential duties to appellant as it pertained to the jury verdict form on the charge of resisting arrest. Appellant was prejudiced by counsel's ineffectiveness because the jury was denied the option of finding him guilty of a second degree misdemeanor of resisting arrest. Therefore, we reverse and remand this matter to the trial court, for a new trial, on the charge of resisting arrest.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby reversed and remanded for a new trial on the charge of resisting arrest.
Wise, P.J. Farmer, J., and Edwards, J., concur.