This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Cindy Williams ("Williams"), appeals the decision of the Wayne County Court of Common Pleas, Juvenile Division, granting legal custody of her two children to their biological father, Tom Simon ("Simon"). We affirm.
 I.
On May 15, 2000, the Wayne County Children Services Board filed a complaint alleging that Jordan Simon was an abused child and that Nathan Simon was a dependent child. The court placed the children in the temporary custody of Simon. At the adjudicatory hearing, held on June 19, 2000, Williams stipulated that her son, Jordan, was abused and that her son, Nathan, was a dependent child. Based on Williams's stipulation, the court found "by clear and convincing evidence that Jordan is an abused child and that Nathan is a dependent child." The court gave Simon legal custody of Jordan and Nathan and ordered Williams to pay child support.
This appeal followed.[1]
 II. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
 In her sole assignment of error, Williams argues that she was denied the effective assistance of counsel during the proceedings before the Juvenile Court regarding her children, Jordan and Nathan. Specifically, she alleges that on the advice of counsel she stipulated to the fact that Jordan was an abused child and Nathan was a dependent child.
A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693.
In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690,80 L.Ed.2d at 695. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate. Strickland,466 U.S. at 689, 80 L.Ed.2d at 694-695. The standard for ineffective assistance of counsel utilized in actions affecting orders of dispositions made by juvenile courts is the same as that applied in criminal cases. In ReRackley (July 16, 1997), Summit App. No. 18139, unreported, at 5.
In the present case, Williams asserts that aside from her stipulation there is no other evidence in the record that her children were abused or dependent. A review of the record reveals that on May 15, 2000, Patrolman Hobson testified that he observed severe bruising on Jordan. Three photographs of Jordan's bruises were admitted into evidence. Patrolman Hobson also testified that "[h]e was advised that Jordan had been paddled by his step-father, Todd Williams."
We find that Williams has failed to establish that her counsel's performance was inadequate. Given the photographic evidence of Jordan's severe bruising and Patrolman Hobson's testimony regarding the step-father's paddling, trial counsel could have made the strategic choice to stipulate to the abuse and dependency. It is well settled that debatable trial tactics do not give rise to a claim for ineffective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 49. An assertion of such a claim must be raised with sufficient clarity to indicate a substantial violation of an essential duty. State v. Watson
(July 30, 1997), Summit App. No. 18215, unreported, at 6, citing Statev. Nabozny (1978), 54 Ohio St.2d 195, paragraph four of the syllabus. We have held that "[a] strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." Watson, Summit App. No. 18215, unreported, at 4. See Statev. Hamblin (1988), 37 Ohio St.3d 153, 155-156. As such, the tactics used by trial counsel do not give rise to a claim for ineffective representation.
Williams's sole assignment of error is overruled.
 III.
Having overruled Williams's sole assignment of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________________________ WILLIAM R. BAIRD
SLABY, J., WHITMORE, J. CONCUR.
[1] The record reflects that Williams's original counsel withdrew as counsel on July 28, 2000. Williams's second counsel moved the court to vacate the magistrate's findings and decision based on the ineffective assistance of the original counsel. In support of her motion, Williams stated that her original counsel did not advise her of the statutory provision regarding corporal punishment and supporting case law that would have precluded a finding of abuse. The trial court denied this motion. We note that Williams does not raise this corporal punishment argument on appeal.