OPINION
The defendant-appellant, Tim E. Murphy ("the appellant"), appeals the conviction of the Seneca County Court of Common Pleas finding him guilty of Assault in violation of R.C. 2903.13(A), (C)(3). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history in this case are as follows. On April 16, 2000, the appellant was arrested for driving under the influence and taken to the Seneca County Jail so that he could submit to a breathalyzer test. While being advised of his rights regarding the breathalyzer by the arresting officer, Jason Windsor, the appellant attempted to strike Officer Windsor but was subdued by two other officers who were also present in the room.
The appellant pled not guilty to the one count of assault in the indictment and, at the January 29, 2001 jury trial, was found guilty. In a judgment entry dated February 13, 2001, the appellant was sentenced to six months in prison.
The appellant now appeals, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. 1 The conviction of the trial court should be reversed because it is against the manifest weight of the evidence and because the evidence supporting it was insufficient as a matter of law to prove the conviction beyond a reasonable doubt.
The appellant asserts that the verdict against him was not supported by sufficient evidence and was against the manifest weight of the evidence. Because sufficiency and manifest weight of the evidence involve distinct legal standards, they must be addressed separately.[1]
Sufficiency of the Evidence
Sufficiency of evidence is the legal standard applied to determine whether the evidence is sufficient as a matter of law to support the jury's verdict.[2] Determination of sufficiency is essentially a test of adequacy.[3] In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[4]
The appellant was convicted of assault in violation of R.C. 2903.13(A), (C)(3), which reads in relevant part:
2903.13 ASSAULT
 (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
* * *
 (C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C)(1), (2), (3), (4), or (5) of this section, assault is a misdemeanor of the first degree.
* * *
 (3) If the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree.
Officer Windsor and three other officers who observed the incident in question gave almost identical testimony regarding the appellant's actions. According to all of these witnesses, the appellant leaned across the table at which he and Officer Windsor were seated, extending his right hand as if to shake hands with Officer Windsor. When Officer Windsor accepted the hand shake, the appellant attempted to pull Officer Windsor toward him and cocked his left arm and made a fist with his left hand. He was prevented from striking Officer Windsor when the two other officers in the room restrained him. There was also testimony that the appellant and Officer Windsor were seated close enough to each other that it would have been possible for the appellant to hit the officer.
The appellant was the sole witness for the defense. He testified that he did not intend to assault Officer Windsor but, rather, that he raised his left arm in an attempt to use both hands to shake the officer's. According to the appellant, he frequently used a "double handshake." He further testified that, due to his state of intoxication, he lost his balance, which caused him to grip the officer more firmly than he intended.
Upon a thorough review of the record in this case, particularly the testimony of the witnesses to the event in question, we are satisfied that there was substantial evidence from which the trier of fact could conclude that each element of the offense of assault was proved beyond a reasonable doubt. Therefore, we conclude that there was sufficient evidence to support the jury's verdict in this case.
Manifest Weight of the Evidence
Weight of the evidence relates to the "inclination of the greater amount of credible evidence, offered at trial, to support one side of the issue rather than the other."[5] In determining whether a verdict is against the manifest weight of the evidence, a court of appeals must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[6] In other words, to reverse the judgment of the trial court on the basis of weight of the evidence, the appellate court must sit as a "thirteenth juror," ultimately disagreeing with the factfinder's resolution of conflicting evidence.[7] A court of appeals may reverse on manifest weight of the evidence grounds only in exceptional cases "where the evidence weighs heavily against conviction."[8]
Given the fact that four police officers all gave consistent testimony regarding the appellant's attempt to assault Officer Windsor, it cannot be said that a review of the evidence reveals that the jury clearly lost its way or that there was a miscarriage of justice that would warrant a reversal of the conviction and a new trial. On the contrary, the weight of the evidence and all reasonable inferences in this case support the findings of the trier of fact.
Based on the foregoing, the appellant's first assignment of error is not well taken and is overruled.
 ASSIGNMENT OF ERROR NO. 2 Appellant was deprived of his rights to effective assistance of counsel by trial counsel's numerous erroneous acts and omissions, in contravention of the Sixth and Fourteenth Amendments to the United States Constitution, and Article One, Section Ten of the Ohio Constitution
 The appellant argues that he was denied effective assistance of counsel because his trial counsel failed to subpoena for testimony individuals who the appellant claims could have corroborated his own testimony. Specifically, the appellant asserts that testimony of these individuals would have supported his claim that it was his practice to use a "double handshake."
The standard of review for a claim of ineffective assistance of counsel is well-settled. In Strickland v. Washington,[9] the United States Supreme Court set forth a two-prong test that the defendant must meet in order to prevail on a claim of ineffective assistance of counsel.[10]
First, the defendant must show that the counsel's performance was deficient and, second, the defendant must also show that counsel's deficient performance resulted in prejudice at trial.[11] A claim of ineffective assistance of counsel may be dismissed for failure to satisfy either prong.[12]
It is well-settled that debatable trial tactics do not constitute ineffective assistance of counsel.[13] This Court has previously held that "an attorney's selection of witnesses to call at trial falls within the purview of trial tactics and generally will not constitute ineffective assistance of counsel."[14] The appellant has failed to show and the record does not reveal the existence of any witnesses who would have testified favorably on behalf of the defendant. Furthermore, trial counsel may have spoken with many potential witnesses and decided against their testimony for any number of reasons, including, for example, credibility. In short, the appellant points to nothing in the record that persuades us to second-guess counsel's trial tactics regarding selection of defense witnesses.
Accordingly, the appellant's second assignment of error is not well taken and is overruled.
Having found no error prejudicial to the appellant herein, the particulars assigned and argued, we affirm the judgment of the trial court.
WALTERS, P.J., and SHAW, J., concur.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
[2] State v. Smith (1997), 80 Ohio St.3d 89, 113
[3] Thompkins, 78 Ohio St.3d at 286.
[4] Smith, 80 Ohio St.3d at 113, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
[5] Thompkins, 78 Ohio St.3d at 287 (emphasis omitted).
[6] Id.
[7] Id., citing Tibbs v. Florida (1982), 457 U.S. 31.
[8] State v. Mendoza (March 31, 2000), Hancock App. No. 5-99-46, unreported, citing Thompkins, 78 Ohio St.3d at 389.
[9] (1984), 466 U.S. 668.
[10] See, also, State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus.
[11] Ohio v. Jones (2000), 90 Ohio St.3d 403, 407, citing Strickland,466 U.S. 668. Accord Bradley, 42 Ohio St.3d 136, paragraph two of the syllabus.
[12] Strickland, 466 U.S. 668.
[13] State v. Yarbrough (April 30, 2001), Shelby App. No. 17-2000-10, unreported, citing State v. Clayton (1980), 62 Ohio St.2d 45, 49.
[14] Id., citing State v. Coulter (1992), 75 Ohio App.3d 219,229.