CARR, J. CONCURS IN JUDGMENT ONLY, SAYING:
 {¶ 71} I concur in judgment only as to the second and third assignments of error.
 {¶ 72} As to the other acts evidence admitted at trial, I would overrule the second assignment of error on the basis of waiver. The defendant did not object to this testimony.
 {¶ 73} As to the third assignment of error, I would find that failure to object was not ineffective assistance of counsel. Evidence was properly admitted when the defendant questioned the victim regarding her prior vaginal bleeding and its cause. This line of questioning by counsel and his failure to object to subsequent questioning by the State should be regarded as trial tactics. "As a matter of law, an attorney's decision as to whether or not to object at certain times during trial is presumptively considered a trial tactic or strategy." State v.Fisk, 9th Dist. No. 21196, 2003-Ohio-3149, at ¶ 9, citing State v.Phillips (1995), 74 Ohio St.3d 72, 85. Counsel may have not wanted to draw any more attention to the issue. "Debatable trial tactics do not constitute ineffective assistance of counsel." State *Page 37 v. McNeill (1998), 83 Ohio St.3d 438, 449, citing State v. Clayton
(1980), 62 Ohio St.2d 45, 49. Accordingly, counsel's actions do not rise to the level of ineffective assistance of counsel. *Page 1