[Cite as *State v. Ryther-Collins*, 2014-Ohio-3093.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                         |
|--------------------------|---|---------------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.        |
|                          | : | Hon. Sheila G. Farmer, J.       |
| Plaintiff-Appellee       | : | Hon. Patricia A. Delaney, J.    |
|                          | : |                                 |
| -vs-                     | : |                                 |
|                          | : | Case No. 13-CA-115              |
| DONNA RYTHER-COLLINS     | : |                                 |
|                          | : |                                 |
| Defendant-Appellant      | : | O P I N I O N                   |

CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
                             Court of Common Pleas, Case No.
                             13CR0182

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      July 10, 2014

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

CHRISTOPHER REAMER                      ROBERT C. BANNERMAN
Assistant Prosecuting Attorney          Box 77466
20 S. 2nd St., 4th Floor                Columbus, OH 43207-0098
Newark, OH 43055

*Gwin, P.J.*

**{¶1}** Defendant-appellant Donna Ryther-Collins ["Ryther-Collins"] appeals her conviction and sentence after a jury trial in the Licking County Court of Common Pleas on one count of assault on a peace officer and one count of assault.

*Facts and Procedural History*

**{¶2}** On March 21, 2013, police were dispatched to the residence of Ryther-Collins' daughter Lauren A. Ryther. Ryther-Collins had placed a 9-1-1 call for assistance reporting that her daughter had struck her. Upon arriving, police met with and attempted to interview the three persons at the residence, Collins, Lauren and Lauren's boyfriend, Douglas Evans.

**{¶3}** Ryther-Collins was going to stay at her daughter's home while Lauren attended a three-day driver intervention program. On the date in question, each of the parties had been drinking. Ryther-Collins and Lauren argued in the kitchen of the home. The argument became physical and according to Ryther-Collins, Lauren punched her in the face causing Ryther-Collins to fall and strike her head on the floor. Ryther-Collins testified that she had a traumatic brain injury in the past and suffers from seizure disorder.

**{¶4}** Ryther-Collins was treated by paramedics but refused to be transported to the hospital. She remained in the living room while Lauren and Evans were directed by officers to the kitchen. While in the living room, officers requested that Ryther-Collins write out a statement describing what had taken place. The officers noticed an odor of alcohol, slurred speech and her eyes were glassy. After asking the officers several questions, Ryther-Collins picked up her drink and proceeded toward the kitchen.

Fearing a confrontation with Lauren who was being interviewed by an officer in the kitchen, officers removed the drink from Ryther-Collins hand and attempted to direct Ryther-Collins back to the living room. At this point, Ryther-Collins became belligerent, cursing and struggling with the officer. Ryther-Collins was placed under arrest, handcuffed and taken outside. Ryther-Collins continued to curse, struggle and at one point kicked a police officer in the face while she was seated in the cruiser. Leg shackles were placed on her to prevent further kicking.

**{¶5}** Ryther-Collins was subsequently charged with assault on a peace officer and assault. On May 15, 2013, Ryther-Collins appeared for a bond and determination hearing as to whether she was to be evaluated as to her competency to stand trial. The trial court ordered that Ryther-Collins be examined. Subsequently, the trial court found that Ryther-Collins was competent to stand trial after both the state and defense stipulated to the examiner's report finding Ryther-Collins to be competent to stand trial.

**{¶6}** Ryther-Collins testified at trial that she had no memory of the events, or her memories were spotty due to her having a traumatic brain injury. The state alleged that Ryther-Collins was merely intoxicated.

**{¶7}** The jury found Ryther-Collins guilty of both counts. On November 22, 2013, Ryther-Collins was sentenced to a five-year period of community control.

*Assignment of Error*

**{¶8}** Ryther-Collins raises one assignment of error,

**{¶9}** "I. APPELLANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND WAS PREJUDICED AS A RESULT."

*Analysis*

{¶10} In her sole assignment of error, Ryther-Collins attacks her counsel for being constitutionally ineffective for not entering a plea of, and thereafter asserting at trial a defense of, not guilty by reason of insanity.

{¶11} The standard for reviewing claims for ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.

{¶12} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and volatile of any of his essential duties to the client.

{¶13} Recently, the United States Supreme Court discussed the prejudice prong of the *Strickland* test,

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id., at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687, 104 S.Ct. 2052.

"Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ——, ——, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689–690, 104 S.Ct. 2052. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." Id., at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.

*Harrington v. Richter,* __U.S.__, 131 S.Ct. 770, 777-778, 178 L.Ed.2d 624(2011).

{¶14} We apply the *Strickland* test to all claims of ineffective assistance of counsel, either trial counsel, or appellate counsel. *State v. Blacker*, 5th Dist. Guernsey No. 2005-CA-41, 2006-Ohio-5214.

{¶15} R.C. 2901.01(A) provides,

(14) A person is "not guilty by reason of insanity" relative to a charge of an offense only if the person proves, in the manner specified in section 2901.05 of the Revised Code, that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts.

{¶16} The defense of not guilty by reason of insanity ["NGRI"] is an affirmative defense. R.C. 2901.05.

{¶17} In the case at bar, the only evidence that Ryther-Collins presented to the trial court was her testimony and statements about the fact that she suffered a traumatic brain injury in the past. The only expert or medical evidence contained in the record before this court was the competency report prepared for the trial court by Kevin J. Edwards, PhD a psychologist with Netcare Forensic Center dated June 16, 2013. In his report to the trial court Dr. Edwards notes,

It is my opinion with a reasonable degree of psychological certainty that Ms. Donna R. Ryther-Collins does not have a serious mental illness. It is also my opinion, from available information, that Ms. Ryther-Collins was never diagnosed with Mental Retardation.

{¶18} The competency evaluation report reviewed Ryther-Collins medical reports from the incident in 2009 in which she suffered a "bilateral frontal subarachnoid hemorrhage." The report does not indicate that this injury caused "a severe mental disease or defect."

**{¶19}** A decision regarding which defense to pursue at trial is a matter of trial strategy "within the exclusive province of defense counsel to make after consultation with his client." *State v. Murphy,* 91 Ohio St.3d 516, 524, 2001-Ohio-0112. This court can only find that counsel's performance regarding matters of trial strategy is deficient if counsel's strategy was so "outside the realm of legitimate trial strategy so as 'to make ordinary counsel scoff.'" State *v. Woullard,* 158 Ohio App.3d 31, 813 N.E.2d 964, 2004-Ohio-3395(2nd Dist.), ¶39, quoting *State v. Yarber,* 102 Ohio App.3d 185, 188, 656 N.E.2d 1322(12th Dist. 1995). Further, the Ohio Supreme Court has recognized that if counsel, for strategic reasons, decides not to pursue every possible trial strategy, defendant is not denied effective assistance of counsel. *State v. Brown*, 38 Ohio St.3d 305, 319, 528 N.E.2d 523(1988). When there is no demonstration that counsel failed to research the facts or the law or that counsel was ignorant of a crucial defense, a reviewing court defers to counsel's judgment in the matter. *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189(1980), citing *People v. Miller*, 7 Cal.3d 562, 573-574, 102 Cal.Rptr. 841, 498 P.2d 1089(1972); *State v. Wiley,* 10th Dist. Franklin No. 03AP-340, 2004-Ohio-1008, ¶21. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052.

**{¶20}** Counsel's decision not to pursue an NGRI defense may have been based upon the lack of any indication in the competency evaluation that Ryther-Collins had ever suffered a severe mental disease or defect.

**{¶21}** Because counsel's decision not to pursue an NGRI defense was reasonable under the circumstances, Ryther-Collins cannot demonstrate that counsel's performance was deficient.

**{¶22}** Ryther-Collins' sole assignment of error is overruled.

**{¶23}** The judgment of the Licking County Court of Common Pleas is hereby affirmed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur