[Cite as *State v. Wagner*, 2015-Ohio-4656.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15-COA-014 |
| NYCKOLI J. WAGNER | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Criminal appeal from the Ashland County
                                                          Court of Common Pleas, Case No. 14-CRI-
                                                          063

JUDGMENT:                                     Affirmed

DATE OF JUDGMENT ENTRY:          November 6, 2015

APPEARANCES:

For Plaintiff-Appellee                         For Defendant-Appellant

CHRISTOPHER TUNNELL                   ERIN N. POPLAR
Ashland County Prosecutor               DANIEL D. MASON
110 Cottage Street, Third Floor          102 Milan Ave., Ste. 6
Ashland, OH 44805                           Amherst, OH  44001

*Gwin, P.J.*

{¶1}   Defendant-appellant Nyckoli J. Wagner ["Wagner"] appeals the November 12, 2014 Judgment of Conviction and Sentence and the April 2, 2015 Judgment Entry entered by the Ashland County Court of Common Pleas, which ordered him to pay restitution in the amount of $53,566.36. Plaintiff-appellee is the State of Ohio.

*Facts and Procedural History*

{¶2}   Wagner pled guilty to complicity to aggravated arson, in violation of Ohio Revised Code Sections 2923.02(A)(2) and 2909.02(A)(2), a felony of the second degree. The offense involved him and a co-defendant burning to the ground a cabin belonging to Mr. Ricky Stull and located at 985 County Road 3006, Loudonville, Ohio.[1] On November 12, 2014, the Wagner was sentenced to a three (3) year prison term.[2]

{¶3}   During the sentencing hearing, Wagner objected to the Stull's property valuations for purposes of restitution. The trial court scheduled a restitution hearing for December 29, 2014. (*Judgment Entry - Sentencing*, filed Nov. 12, 2014 at 2). On December 19, 2014, the state filed a request for a three-week continuance of the restitution hearing. The court continued the hearing to January 26, 2015. (*Judgment Entry*, filed December 23, 2014). Stull was unable to attend the hearing on January 26, 2015; therefore, the court continued the restitution hearing to March 16, 2015. (*Judgment Entry,* filed January 26, 2015 at 1).

---

[1] A Statement of the Facts underlying Wagner's original conviction is unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in Wagner's assignment of error shall be contained therein.

[2] Wagner does not appeal the sentencing portion of the trial court's decision. *Appellant's Brief* at 1.

{¶4}   Stull testified under oath to the identity, value and/or cost to replace property, including labor and site restoration. An exhibit supporting Stull's testimony was presented in support of the requested amount of restitution. (See, *Sentencing- Victim Impact Statement; Memorandum of Law* (March 13, 2015); State's Exhibit B). At the restitution hearing, Stull testified as to his valuation of each line item on the previously submitted list.

{¶5}   Wagner presented no testimony and did not cross-examine Stull. Instead, counsel for Wagner argued that the award of restitution must be based upon the fair market value of the property rather than the cost to replace the items. Therefore, Wagner argued because no evidence was presented concerning the replacement cost for many of the items, the court could not order restitution for those items of property (Restitution Hearing, March 16, 2015 at 31-34).

{¶6}   By Judgment Entry filed April 2, 2015, the trial court ordered Wagner to pay restitution in the amount of $53,566.36.

*Assignment of Error*

{¶7}   Wagner raises one assignment of error,

{¶8}   "I. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS WHEN AT THE RESTITUTION HEARING HIS COUNSEL FAILED TO CROSS EXAMINE THE WITNESS OR MAKE BASIC OBJECTIONS."

*Analysis*

{¶9}   In his sole assignment of error, Wagner argues that he received ineffective assistance of counsel because his trial counsel failed to cross-examine the witness,

failed to make any objections, and failed to call any witnesses during the restitution hearing.

{¶10} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

{¶11} Counsel is unconstitutionally ineffective if his performance is both deficient, meaning his errors are "so serious" that he no longer functions as "counsel," and prejudicial, meaning his errors deprive the defendant of a fair trial. *Maryland v. Kulbicki,* 577 U.S. __, 2015 WL 5774453(Oct. 5, 2015)(citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

{¶12} Wagner contends that trial counsel was deficient because he did not attack Stull's method of valuation of the loss and the fact that he did not insure either the structure or its contents. Further, Wagner points to the lack of receipts or records showing the valuation. Wagner takes exception to Stull's testimony that he had $3,800.00 in cash inside the home that was lost to either the fire or theft. Wagner contends that Stull's' testimony was an inference upon an inference, i.e., that the items ever existed or existed as described and that his valuations were fair. Such testimony called for questioning that would undermine the witness' credibility and valuations.

**{¶13}** "'The failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel.'" *State v. Fears*, 86 Ohio St.3d 329, 347, 715 N.E.2d 136(1999), *quoting State v. Holloway* (1988), 38 Ohio St.3d 239, 244, 527 N.E.2d 831(1988). A defendant must also show that he was materially prejudiced by the failure to object. *Holloway*, 38 Ohio St.3d at 244, 527 N.E.2d 831. *Accord, State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶233.

**{¶14}** A defendant has no constitutional right to determine trial tactics and strategy of counsel. *State v. Cowans*, 87 Ohio St.3d 68, 72, 717 N.E.2d 298 (1999); *State v. Conway,* 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 150; *State v. Donkers,* 170 Ohio App.3d 509, 2007-Ohio-1557, 867 N.E.2d 903,(11th Dist.), ¶183. Rather, decisions about viable defenses are the exclusive domain of defense counsel after consulting with the defendant. Id. When there is no demonstration that counsel failed to research the facts or the law or that counsel was ignorant of a crucial defense, a reviewing court defers to counsel's judgment in the matter. *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189(1980), *citing People v. Miller*, 7 Cal.3d 562, 573-574, 102 Cal.Rptr. 841, 498 P.2d 1089(1972); *State v. Wiley*, 10th Dist. Franklin No. 03AP-340, 2004- Ohio-1008, ¶ 21.

**{¶15}** The scope of cross-examination falls within the ambit of trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel. *State v. Hoffner*, 102 Ohio St.3d 358, 2004-Ohio-3430, 811 N.E.2d 48, ¶ 45; *State v. Campbell*, 90 Ohio St.3d 320, 339, 738 N.E.2d 1178(2000). In addition, to fairly assess counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶16} Debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel. *State v. Phillips*, 74 Ohio St.3d 72, 85, 1995-Ohio-171. Even if the wisdom of an approach is questionable, "debatable trial tactics" do not constitute ineffective assistance of counsel. Id. "[P]oor tactics of experienced counsel, however, even with disastrous result, may hardly be considered lack of due process * * *." *State v. Clayton,* 62 Ohio St.2d 45, 48, 402 N.E.2d 1189(1980)(quoting *United States v. Denno*, 313 F.2d 364(2nd Cir. 1963), *certiorari denied* 372 U.S. 978, 83 S.Ct. 1112, 10 L.Ed.2d 143.

{¶17} In the case at bar, trial counsel clearly made a decision to attack Stull and his valuations. This he did by arguing that the state had not presented evidence concerning the fair market value of the property lost. Counsel noted the state did not present testimony concerning how Stull arrived at his valuations. (Restitution Hearing, March 16, 2015 at 33) He further noted the lack of evidence concerning the replacement value of the items. (Id. at 34). Accordingly, Wagner argued that the evidence was insufficient upon which to base a valuation for restitution.

{¶18} Upon review, we are unpersuaded that Wagner suffered demonstrable prejudice via defense counsel's decision not to cross-examine or object to Stull's testimony. As the Ohio Supreme Court has observed,

> Although trial counsel's strategy was questionable, we must defer
> to his judgment. As we stated in *State v. Lytle* (1976), 48 Ohio St.2d 391,
> 396, 358 N.E.2d 623, 627: "We deem it misleading to decide an issue of

competency by using, as a measuring rod, only those criteria defined as the best of available practices in the defense field."(Emphasis sic.) As in *Lytle*, supra, we do not think appellee established that there was a substantial violation of any of defense counsel's essential duties to his client. Counsel chose a strategy that proved ineffective, but the fact that there was another and better strategy available does not amount to a breach of an essential duty to his client.

*State v. Clayton,* 62 Ohio St.2d 45, 49, 402 N.E.2d 1189(1980).

**{¶19}** For the foregoing reasons, Wagner's sole assignment of error is overruled.

**{¶20}** The judgment of the Ashland County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur