[Cite as *Cleveland v. Holley*, 2020-Ohio-1275.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | No. 108460 |
| v. | : | |
| LORINDA HOLLEY, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 2, 2020

Criminal Appeal from the Cleveland Municipal Court
Case No. 2018-CRB-007390

### *Appearances:*

Barbara A. Langhenry, Cleveland Director of Law, and Karyn J. Lynn and Karrie Howard, Assistant Prosecuting Attorneys, *for appellee*.

Wargo Law, L.L.C., and Leslie E. Wargo, *for appellant*.

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Lorinda Holley ("Holley") appeals her conviction and asks this court to reverse her conviction. We vacate Holley's conviction and remand to the trial court for a new trial.

{¶ 2} After a bench trial, Holley was found guilty of assault, a first-degree misdemeanor, in violation of R.C. 2903.13. The trial court sentenced Holley to 180 days of imprisonment, which was suspended, and an $1,000 fine, of which $750 was suspended. The trial court also referred Holley to the probation department, because she was on probation at the time of the offense.

## I. Facts and Procedural History

{¶ 3} At the trial, Chelsey Mounts ("Mounts") testified that Holley and Holley's boyfriend, Anthony Powell ("Powell") came to Mounts's home to pick up the daughter of Mounts's brother's girlfriend, Kayla Sender ("Sender"). Sender's daughter resides with Holley's mother but was visiting with Sender on the day of the incident. Mounts testified that Powell came to the front door, and she answered the door. At this time, according to Mounts, Holley was in the car, but exited the car when Powell told Holley to "beat Mounts's ass." Mounts testified that Holley swung and hit her, and Mounts fought back. As the two women were fighting, Powell tried to break it up and Sender ran to grab mace and her cell phone. Powell eventually broke up the fight.

{¶ 4} Sender testified that Holley is her cousin, and that when Mounts answered the door, Holley swung on Mounts. As the two women were fighting, Sender claims that she ran back to get her cell phone to record the incident. She also grabbed her mace in case Powell tried to assault her. Sender explained that after the fight, Holley and Powell left the home.

{¶ 5} Holley's testimony differs in that she stated Mounts hit her first and that she was trying to defend herself. She also stated that Powell broke up the fight. Powell corroborated Holley's testimony regarding Mounts hitting Holley first. Powell states that Mounts came out of the house and walked to the car where Holley was sitting in the driver's seat. When Holley exited the car, Mounts swung at her, which started the fight.

{¶ 6} At the conclusion of all the testimony, the trial court found Holley guilty of assault. The trial court stated to Holley, "[i]t does look like there was mutual combat and I'm very sorry that you lost hair because it seem[s] like you got some of the worst of it." (Tr. 174.) At sentencing, the trial court called Holley to speak. Before she spoke, Holley's counsel stated to the court, "Ms. Holley has the text messages that were not included in her file. She said she just printed them out to be included." (Tr. 2.) The city's attorney stated that they had not previously seen the messages, because they had not been entered into evidence. Later during the sentencing hearing, the trial court stated, referring to the text messages, "[a]nd again, as to these, it's too bad that these were not included in the – yeah, you can give her back her original, it's too bad that these were not included in trial." (Tr. 9.)

{¶ 7} The city's attorney noted that some of the text messages were in the file. (Tr. 10.) As a result, the trial court stated, "[w]hat I'm gonna do is leave it for the Court of Appeals, if necessary. I would only indicate that this could've been handled in a much different way, ma'am." (Tr. 10.) The trial court then proceeded to sentencing.

**{¶ 8}** Holley filed this appeal assigning three assignments of error for review. We will only review the first assignment of error because it is dispositive of the case.

I.   Appellant was deprived her constitutional rights to due process, a fair trial, and the effective assistance of counsel;

II.  The trial court erred in finding appellant guilty of assault because the conviction is against the sufficiency of the evidence; and

III. Appellant's conviction for assault is against the manifest weight of the evidence.

## II.   Ineffective Assistance of Counsel

### A.   Standard of review

**{¶ 9}** To establish a claim for ineffective assistance of counsel, Holley must show her trial counsel's performance was deficient, and that the deficient performance prejudiced the defense so as to deprive Holley of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To establish prejudice, Holley must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.

**{¶ 10}** In evaluating a claim of ineffective assistance of counsel, a court must give great deference to counsel's performance. *Id.* at 689. "A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v.*

*Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69. Thus, "[t]rial strategy or tactical decisions cannot form the basis for a claim of ineffective counsel." *State v. Foster*, 8th Dist. Cuyahoga No. 93391, 2010-Ohio-3186, ¶ 23, citing *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980). Additionally, the failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial. *State v. Kilbane*, 8th Dist. Cuyahoga No. 99485, 2014-Ohio-1228, at ¶ 37.

**B.    Whether Appellant was Deprived of her Constitutional Rights to Due Process, a Fair Trial, and the Effective Assistance of Counsel**

{¶ 11}  Holley claims that she was denied the effective assistance of counsel because her trial counsel did not offer the text messages she provided as evidence that Holley was not the aggressor in the fight between Holley and Mounts.  In order to reverse Holley's conviction, she must demonstrate that her counsel's performance was deficient, and that deficiency prejudiced her. *State v. Jones*, 8th Dist. Cuyahoga No. 102260, 2016-Ohio-688, ¶ 14.   Holley argues that these text messages were exculpatory evidence.  "Exculpatory evidence is defined as evidence favorable to the accused, which 'if disclosed and used effectively, * * * may make the difference between conviction and acquittal.'"  (Citations omitted.) *State v. Jones*, 8th Dist. Cuyahoga No. 101311, 2015-Ohio-1818, ¶ 20.

{¶ 12}  The trial court's statements that it was too bad the text messages were not included at trial, and that the trial court would leave it for the Court of Appeals to decide, possibly demonstrates that the text messages could have been used as

favorable evidence for Holley. The trial court read one of the messages at sentencing, stating, "the victim says, 'I had you on the car, I punched you in yo sh*t when we first started and you went straight for my hair. Ain't hit me not once, LOL, and pull up b**ch, I'm waiting.'" (Tr. 9.) The trial courts statements and the text messages between Mounts and Holley demonstrate that had Holley's trial counsel introduced the text messages as evidence, the result of the proceeding could have been different. We also note that the city prosecutor stated that some of the text messages were in its file but did not elaborate as to the contents. (Tr. 10.) As a result, we find that Holley's trial counsel was deficient in its representation of her by not introducing the text messages into evidence at trial, and that deficiency prejudiced Holley.

{¶ 13} Holley also argues that she was deprived effective assistance of counsel because trial counsel did not move the trial court for a new trial before sentencing. "Crim.R. 33(A)(1) provides for the granting of a motion for new trial because of irregularity in the proceedings that prevented the defendant from receiving a fair trial." *State v. Baker*, 8th Dist. Cuyahoga No. 95300, 2011-Ohio-2784, ¶ 36. Unless Holley demonstrates that she was prejudiced or prevented from having a fair trial, a new trial will not be granted nor any conviction reversed due to the nonadmission of the text messages. *See State v. Zielinski*, 12th Dist. Warren No. CA2010-12-121, 2011-Ohio-6535, ¶ 59. However, after a review of the record and for the reasons stated above, Holley has demonstrated prejudiced, and thus trial counsel should have moved the trial court for a new trial.

{¶ 14} Therefore, we reverse Holley's convictions and remand to the trial court for a new trial.

{¶ 15} We need not address the other assignments of error because assignment of error one disposes of the appeal.  App.R. 12.

{¶ 16} Judgment reversed and remanded.

It is ordered that the appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

PATRICIA ANN BLACKMON, P.J., and
RAYMOND C. HEADEN, J., CONCUR