This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant appeals the decision of the Summit County Court of Common Pleas, which convicted him of two aggravated robberies, both with firearm specifications, carrying concealed weapons, and having weapons while under disability, and sentenced him to a total of twenty years in prison. This Court affirms.
 I. {¶ 2} On the night of April 13, 2002, appellant was arrested after a teenage victim, whom had been robbed at gunpoint while with friends, identified him at a police show up that took place within an hour of the robbery. On April 23, 2002, appellant was indicted for two counts of aggravated robbery in violation of R.C. 2911.01(A)(1), both with firearm specifications, one count of carrying concealed weapons in violation of R.C. 2923.12, and one count of having weapons while under disability in violation of R.C. 2923.13(A)(3).
 {¶ 3} Appellant pled not guilty and the case proceeded to a jury trial on June 24, 2002. After hearing all the evidence, the jury found appellant guilty of all counts in the indictment. On June 27, 2002, the trial court sentenced him to seven years incarceration for each aggravated robbery conviction, three years incarceration for each firearm specification, one year incarceration for carrying concealed weapons, and one year incarceration for having weapons while under disability. The court ordered that appellant's three year sentences be served consecutively to each other, his seven year sentences be served consecutively to each other and consecutive to his three year sentences, and that appellant's one year sentences be served concurrently to his other sentences. Appellant was sentenced to a total prison term of twenty years.
 {¶ 4} Appellant timely appealed, setting forth six assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR "THE APPELLANT WAS NOT AFFORDED THE RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL, A RIGHT GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, BECAUSE TRIAL COUNSEL FAILED TO FILE A MOTION TO SUPPRESS THE [ADMISSION] OF THE INCRIMINATING IDENTIFICATION OF THE APPELLANT WHICH WAS OBTAINED DURING A POLICE SHOW UP."
 SECOND ASSIGNMENT OF ERROR "THE APPELLANT WAS FURTHER DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS TRIAL COUNSEL FAILED TO REQUEST A JURY INSTRUCTION REGARDING THE POTENTIAL UNRELIABILITY OF EYEWITNESS IDENTIFICATION."
 THIRD ASSIGNMENT OF ERROR "THE APPELLANT WAS NOT AFFORDED HIS RIGHT OF EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE TRIAL COUNSEL FAILED TO MOVE THE TRIAL COURT FOR THE APPOINTMENT OF AN EXPERT TO TESTIFY ON THE ISSUE OF EYEWITNESS IDENTIFICATION."
 FOURTH ASSIGNMENT OF ERROR "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION BECAUSE HIS TRIAL COUNSEL FAILED TO ADEQUATELY OBJECT TO PREJUDICIAL TESTIMONY PRESENTED DURING THE COURSE OF THE JURY TRIAL."
 {¶ 5} In his first four assignments of error, appellant argues that he was denied effective assistance of counsel during his jury trial. This Court disagrees.
 {¶ 6} A two-step process is employed in determining whether the right to effective counsel has been violated:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674.
 {¶ 7} In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690,80 L.Ed.2d at 695. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985),17 Ohio St.3d 98, 100. Furthermore, it is well settled that an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990),51 Ohio St.3d 160, 174.
 {¶ 8} Appellant argues several reasons why his attorney failed to provide him with effective assistance of counsel at trial. Specifically, appellant complains his counsel failed to do the following: file a motion to suppress the admission of the incriminating identification of the appellant which was obtained during a police show up, request a jury instruction regarding the potential unreliability of eyewitness identification, move the trial court for the appointment of an expert to testify on the issue of eyewitness identification, and adequately object to prejudicial testimony presented during the course of the jury trial. Appellant contends that, but for his counsel's failure to represent him in these specific ways, the outcome of his trial would have been different.
 {¶ 9} After careful evaluation of the challenged conduct of appellant's trial attorney on the facts of this particular case, this Court finds that appellant has failed to meet his burden of proof and his arguments are without merit. It is well settled that an attorney's decisions not to file a motion to suppress or not object at certain times during trial are "debatable trial tactics [that] generally do not constitute a deprivation of effective counsel." State v. Phillips
(1995), 74 Ohio St.3d 72, 85, citing State v. Clayton (1980),62 Ohio St.2d 45, 49. Furthermore, an attorney's decisions not to request a particular jury instruction or appointment of an expert witness to testify on a particular issue are both matters of trial strategy and do not establish ineffective assistance of counsel. See State v. Hill
(1995), 73 Ohio St.3d 433, 443; State v. Coleman (1989), 45 Ohio St.3d 298,307-308. Appellant has not provided sufficient evidence to contradict that his trial attorney's performance was adequate and that counsel's action, as well as inaction, was sound trial strategy under the circumstances of the case.
 {¶ 10} Appellant's first four assignments of error are overruled.
 FIFTH ASSIGNMENT OF ERROR "DUE TO THE CUMULATIVE ERRORS WHICH WERE COMMITTED DURING THE APPELLANT'S CASE, BEFORE AND DURING TRIAL, THE APPELLANT WAS DEPRIVED HIS CONSTITUTION RIGHT TO A FAIR TRIAL." [sic.]
 {¶ 11} In his fifth assignment of error, appellant argues that cumulative errors were committed before and during his trial and, therefore, he was deprived of a fair trial.
 {¶ 12} Although appellant claims cumulative error as a separate assignment of error, he provides no new argument to support this claim and instead reiterates his ineffective assistance of counsel claims from the first four assignments of error. As this Court has determined in those four assignments of error that appellant's counsel was not ineffective, this fifth assignment of error is overruled as well.
 SIXTH ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES UPON THE APPELLANT BECAUSE IT FAILED TO FOLLOW THE SENTENCING GUIDELINES AS SET FORTH BY R.C. 2929.14 AND R.C. 2929.19."
 {¶ 13} In his sixth assignment of error, appellant argues that the trial court erred by imposing consecutive sentences upon him because it failed to follow the sentencing guidelines as set forth by R.C. 2929.14
and R.C. 2929.19.
 {¶ 14} The State concedes that the trial court did not make the appropriate findings for consecutive sentences on the record. Therefore, appellant's sixth assignment of error is sustained and this Court remands the matter to the trial court for the sole purpose of properly resentencing appellant.
 III. {¶ 15} Accordingly, appellant's first five assignments of error are overruled and his sixth assignment of error is sustained. The trial court's judgment of conviction is affirmed, but appellant's sentence is vacated. The matter is remanded to the trial court for resentencing in accordance with the law.
SLABY, P.J. and WHITMORE, J. CONCUR.