OPINION
{¶ 1} Appellant, William J. Miller, appeals the June 16, 2003 judgment entry of the Portage County Court of Common Pleas, in which he was sentenced for the offenses of rape and felonious assault and labeled as a sexual predator.
 {¶ 2} On December 13, 2002, appellant was indicted on one count of rape, in violation of R.C. 2907.02, a felony of the first degree. On February 14, 2003, the grand jury returned an amended indictment that charged appellant with a second count of rape which contained a firearm specification as well as added a firearm specification to the first count of rape. Appellant was also indicted on one count of burglary, in violation of R.C. 2911.11(A)(1), a felony of the first degree and one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second. Both of those counts also contained firearm specifications.
 {¶ 3} On March 12, 2003, appellant entered a written plea of guilty to the amended charges of one count of rape and one count of felonious assault. Upon motion of the state, the trial court entered a nolle prosequi with regard to the remaining charges.
 {¶ 4} On June 12, 2003, a sentencing hearing was held along with a hearing, pursuant to R.C. 2950.09, to determine whether appellant was a sexual predator. At the hearing, the trial court noted that appellant was twenty-four years old at the time of the offense. The court stated that appellant had a prior criminal record. He was found delinquent for illegal possession of a weapon. He was convicted of abduction and found to be a sexually oriented offender for taking a young girl into the woods, stripping her naked, taping her mouth, and hitting her. Appellant had also been convicted of attempted domestic violence, possession of drug paraphernalia, and driving while under the influence of alcohol. The court found that the age of the victim did not apply since she was twenty-six years old, and there were not multiple victims. Further, the court indicated that appellant "did not use drugs or alcohol to impair the victim so it does not apply to this case." Appellant had been previously convicted of a sexually oriented offense, and that he had not completed any sexual programs for sexual offenders.
 {¶ 5} In addition, the trial court stated that appellant "has certain antisocial personality features, that he likely suffers from explosive — intermittent explosive disorder and is alcohol dependent." The trial court found that it was not demonstrated that there was a pattern of abuse. Furthermore, the court indicated that appellant did "display cruelty and he used a knife to the victim's throat, a gun to her head, that she was struck and also bitten on the breast and in other places." The court also noted that in regard to the prior sexually oriented offense, appellant "demonstrated cruelty to the child by stripping her naked in the woods, putting tape on her mouth and striking her." The trial court then explained that it appeared appellant was in denial and did not admit that he had done any wrong in either of the sexually oriented offenses, making treatment for him very difficult. Therefore, the court determined that there was clear and convincing evidence that appellant was "likely to engage in another sexually oriented offense in the future, therefore, the [c]ourt would label him a sexual predator."
 {¶ 6} In an entry dated June 16, 2003, the trial court found by clear and convincing evidence that appellant was a sexual predator. This was a joint sentencing exercise to which the trial court, in a separate entry, sentenced appellant to a term of seven years in prison on each offense with the sentences to run concurrently. Appellant timely filed the instant appeal and now assigns the following assignments of error:
 {¶ 7} "[1.] The Portage County Court of Common Pleas erred to the prejudice of appellant when it adjudged him to be a sexual predator as such decision was against the manifest weight of the evidence.
 {¶ 8} "[2.] [Appellant] was deprived of the effective assistance of counsel guaranteed him by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of the State of Ohio."
 {¶ 9} Under the first assignment of error, appellant asserts that the trial court erred when it labeled him a sexual predator because the decision was against the manifest weight of the evidence.
 {¶ 10} We do not apply a de novo standard of review when reviewing a sexual predator determination; instead, we examine whether the trial court's determination was against the manifest weight of the evidence.State v. Davis (Apr. 19, 2002), 11th Dist. No. 2000-L-190, 2002 WL 603061, at 2. In determining whether an offender should be classified as a sexual predator, the trial court may use reliable hearsay such as a presentence investigation report or victim impact statement as the Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings. State v. Cook (1998), 83 Ohio St.3d 404, 425.
 {¶ 11} R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine by clear and convincing evidence that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b).
 {¶ 12} In making a sexual predator determination, the trial court must identify the factors under R.C. 2950.09(B)(2)(a)-(j) that support its determination. State v. Strickland (Dec. 22, 2000), 11th Dist. No. 98-L-013, 2000 WL 1876587, at 2. "These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct." State v. Swank (Dec. 21, 2001), 11th Dist. No. 98-L-049, 2001 WL 1647224, at 5.
 {¶ 13} Moreover, when reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 14} In the instant matter, appellant argues that the trial court found that four of the factors in R.C. 2950.09(B)(2) did not apply to appellant: the age of the victim; multiple victims; the use of alcohol or drugs; and the pattern of abuse. However, we have held that to label appellant as a sexual predator, the trial court does not need to find that a majority of the R.C. 2950.09(B)(2) factors support such a determination; rather, the appellant may be so adjudicated even if only one or two of the factors are present, as long as the totality of the circumstances provides clear and convincing evidence that the appellant is likely to commit a sexually oriented offense in the future. State v.Cowoski, 11th Dist. No. 2001-L-209, 2002-Ohio-6703, at ¶ 9.
 {¶ 15} In the case at hand, the record includes clear and convincing evidence that several of the factors set forth in R.C. 2950.09(B)(2), which the trial court considered, apply to appellant. At appellant's hearing, the trial court specifically discussed the factors. The trial court noted that appellant was twenty-four years of age at the time of the offense. The trial court also observed that appellant had a prior criminal record, which included: a conviction for attempted domestic violence, the abduction of a young girl for which he was labeled a sexually oriented offender, driving while under the influence of alcohol, possession of drug paraphernalia, and illegal possession of a weapon. The court referenced that appellant had antisocial personality features. The court considered that appellant was previously convicted of a sexually oriented offense and that he denied guilt in that offense and the current offense. The trial judge further indicated that appellant displayed cruelty to the victim in the instant matter by holding a knife to her throat and a gun to her head, striking her and biting her. In addition, the court explained that appellant displayed cruelty to the child victim in the earlier offense. Finally, the trial court took into account the testimony of Dr. John Fabian ("Dr. Fabian") that appellant was in the moderate to high range to reoffend.
 {¶ 16} After reviewing the record and weighing the evidence and all reasonable inferences therefrom, we cannot conclude that the trial court lost its way. While the psychological evaluation from Dr. Fabian along with his testimony revealed that appellant would be at a medium to high risk to commit a sexual offense in the future, the totality of the circumstances support the trial court's conclusion that appellant was a sexual predator. Therefore, based upon a review of the record, we cannot conclude that the trial court erred by classifying appellant as a sexual predator.
 {¶ 17} Under the second assignment of error, appellant argues that he was denied the effective assistance of counsel because his trial counsel failed to seek the appointment of a second expert witness to evaluate him and as a result, he was deprived of a fair sexual predator hearing.
 {¶ 18} To warrant a reversal on the grounds that an appellant was not provided with effective assistance of counsel, an appellant bears the burden of meeting the two-prong test set forth in Strickland v.Washington (1984), 466 U.S. 668, 687, which states:
 {¶ 19} "[a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."
 {¶ 20} In order to determine if an attorney's performance was deficient, the trial court must inquire whether the attorney provided "reasonably effective assistance, considering all the circumstances."State v. Loza (1994), 71 Ohio St.3d 61, 83, citing Strickland, supra at 687. "A Sixth Amendment violation does not occur `unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.' * * *" State v. Goodwin (1999),84 Ohio St.3d 331, 334, quoting State v. Bradley (1989), 42 Ohio St.3d 136,142.
 {¶ 21} Under the second prong of the Strickland test, an appellant must show that he was prejudiced. To establish prejudice, the appellant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."Bradley, 42 Ohio St.3d at paragraph three of the syllabus; State v.Stojetz (1999), 84 Ohio St.3d 452, 457. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v.Bays (1999), 87 Ohio St.3d 15, 27. See, also, State v. Brant (Aug. 4, 2000), 11th Dist. No. 99-P-0037, 2000 WL 1114845, at 9.
 {¶ 22} A properly licensed attorney is presumed to be competent, and therefore, judicial scrutiny of his or her performance must be highly deferential. Strickland, 466 U.S. at 689. Further, an attorney's strategic decisions and trial tactics will not support a claim of ineffective assistance. State v. Clayton (1980), 62 Ohio St.2d 45,48-49. Debatable strategic and tactical decisions will not form the basis of a claim for ineffective assistance of counsel, even if there had been a better strategy available. State v. Phillips (1995), 74 Ohio St.3d 72,85.
 {¶ 23} In the case at bar, appellant claims that his trial counsel failed to obtain a second psychologist or psychiatrist to make a report concerning appellant, which resulted in an unfair sexual predator hearing and adjudication. However, the record indicates that the defense counsel thoroughly cross-examined Dr. Fabian, and that appellant's attorney argued that Dr. Fabian did not possess the special expertise in predicting the likelihood that appellant would engage in future sexual offenses. Additionally, appellant has failed to show that a second expert opinion would have necessarily helped his defense.
 {¶ 24} Moreover, even if appellant's defense counsel was deficient, appellant did not illustrate to this court how he has been prejudiced by his attorney's actions or that the result of the hearing would have been different. Appellant's second assignment of error is without merit.
 {¶ 25} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.
Grendell, J., Rice, J., concur.