[Cite as *State v. Harris*, 2019-Ohio-813.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

    Appellee

v.

Ron Harris

    Appellant

Court of Appeals No. E-18-013

Trial Court No. 2017 CR 0217

**<u>DECISION AND JUDGMENT</u>**

Decided:  March 8, 2019

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Anthony A. Battista III, Assistant Prosecuting Attorney,
for appellee.

Russell V. Leffler, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

**{¶ 1}** Appellant, Ron Harris, appeals the judgment of the Erie County Court of

Common Pleas, sentencing him to 16 months in prison after he pleaded guilty to one

count of aggravated assault.

## A. Facts and Procedural Background

{¶ 2} On April 12, 2017, appellant was indicted on one count of trespass in violation of R.C. 2911.12(B), a felony of the fourth degree. One month later, appellant was indicted in a separate case and charged with three counts of aggravated burglary in violation of R.C. 2911.11(A)(1), felonies of the first degree, three counts of aggravated burglary in violation of R.C. 2911.11(A)(2), felonies of the first degree, one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, one count of felonious assault in violation of R.C. 2911.01(A)(1), a felony of the first degree, one count of petty theft in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree, and three counts of assault in violation of R.C. 2903.13(A), misdemeanors of the first degree.

{¶ 3} The foregoing charges stemmed from two incidents in which appellant broke into two separate residences. During one of the break-ins, appellant forced his way into the home, pushed the homeowner to the floor, grabbed a knife, and attacked two other individuals that were in the home, punching one of the individuals in the face and stealing her wallet before fleeing on bicycle.

{¶ 4} Following the filing of the indictments in this case, appellant entered pleas of not guilty, and the matter proceeded through discovery. Subsequently, appellant reached an agreement with the state that required him to enter a guilty plea to an amended charge of aggravated assault in violation of R.C. 2903.12, a felony of the fourth degree.

2.

In exchange for appellant's plea, the state agreed to dismiss all of the remaining charges, thereby reducing appellant's potential prison time from 81.5 years to 18 months.

{¶ 5} At the conclusion of the ensuing plea hearing, appellant entered a plea of guilty to the amended charge of aggravated assault, which was accepted by the trial court. A presentence investigation report was ordered, which revealed appellant's extensive criminal history, including convictions for attempted burglary, burglary, trafficking in cocaine, four counts of forgery, carrying a concealed weapon, and two counts of robbery.

{¶ 6} At sentencing, the state remained silent per the terms of the negotiated plea agreement. In mitigation, appellant's counsel offered the following:

Just briefly, I think we all see this periodically that somebody who's been constantly in and out of custody for various reasons for years, and years, and years, sometimes at some point they get to the point where they're tired, they don't want to do it anymore, and they turn it around. So I think – I think Mr. Harris is at that point.

His statement, which wasn't actually a version of the events, but – and it's pretty much what he just told you, I'm ready to put all this behind me and live a quiet life with my children. Thank you. I mean, I think that sums it up, and I'm not going to say anything else.

{¶ 7} Upon consideration of the presentence investigation report and the statements made by appellant's counsel in mitigation, the court ordered appellant to serve 16 months in prison. Appellant's timely appeal followed.

## B.  Assignment of Error

**{¶ 8}** On appeal, appellant assigns the following error for our review:

Trial counsel was not competent in the sentencing process depriving appellant of the representation guaranteed by the Sixth Amendment.

## II.  Analysis

**{¶ 9}** In appellant's sole assignment of error, he argues that his trial counsel was ineffective for failing to more forcefully advocate on his behalf during mitigation.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶ 10}** Here, appellant argues that trial counsel failed to present all of the facts relevant to securing a favorable sentence during mitigation.  In so doing, appellant

divorces counsel's performance during mitigation from counsel's performance during other stages of the proceeding. Contrary to appellant's assertion of incompetence, counsel's performance in this case resulted in a plea agreement that reduced appellant's maximum potential sentence by approximately 80 years, and secured the state's silence during sentencing. Had the state been permitted to speak at sentencing, it is likely the state would have emphasized appellant's extensive criminal record in an attempt to secure the maximum sentence of 18 months.

{¶ 11} Although counsel's statement in mitigation was brief, the presentation of mitigating evidence is a matter of trial strategy. *State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, ¶ 241, 890 N.E.2d 263. In general, trial tactics and strategies do not constitute a denial of effective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980). When considering counsel's performance in its totality, we find that trial counsel's tactical decision as to what information to present to the court during mitigation was not deficient. In instances in which the defendant's criminal history is as extensive as appellant's, sometimes it is better to say nothing more than what was said by counsel in this case.

{¶ 12} Even if counsel's performance at sentencing could be considered deficient, appellant has not demonstrated that he was prejudiced as a result. In his brief, appellant asserts that his counsel should have presented the following facts during mitigation: (1) the crime occurred over two years prior to sentencing, (2) appellant was imprisoned during the interim and had committed no new offenses, and (3) appellant's criminal

5.

behavior was attributable to his mental health problem and homelessness. Although appellant articulated these facts, he fails to show how such facts would have resulted in a lesser sentence. Moreover, appellant acknowledges that the presentence investigation report that was considered by the court includes these facts.

{¶ 13} Because appellant has not demonstrated that his counsel was deficient or that any deficiency operated to his prejudice, we find no merit to his argument that trial counsel provided ineffective assistance. Accordingly, appellant's assignment of error is not well-taken.

### III. Conclusion

{¶ 14} In light of the foregoing, the judgment of the Erie County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
Gene A. Zmuda, J. _____   JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.